UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                              Case No. 13-20224

GHAZI MANNI,                         Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On March 21, 2013, the Defendant, Ghazi Manni, was indicted on one count of felon in possession of firearms and ammunition, 18 U.S.C. § 922 (g), and one count of felon in possession of ammunition, 18 U.S.C. § 922 (g). On April 3, 2013, he entered a plea of not guilty to these charges. Trial is currently scheduled to begin on July 1, 2013. Currently before the Court is the Government's motion in limine for admission of "other acts" evidence, pursuant to Fed. R. Evid. 404(b).

The relevant facts of the case as alleged by the Government are as follows. On September 20, 2011, special agents of the Food and Drug Administration (FDA) executed a search warrant at King Cole Foods, a grocery store operated by Manni. During the search, the agents discovered a locked safe, which Manni proceeded to open. Inside were several firearms and ammunition. A separate search warrant was executed at Manni's home, where the agents discovered ammunition.

The Government wishes to introduce two prior acts of Manni during its case-in-chief. The first act is a conviction for attempted felon in possession of firearms in Macomb County Circuit Court in September 2001. The second is his 2007 admission to owning and registering a firearm that

he kept in a drawer in the King Cole store while a convicted felon. This admission occurred during his arraignment for the following charges related to a shooting that took place on October 20, 2007: (1) carrying a concealed weapon, (2) firearms possession by a felon, (3) felony firearm, and (4) firearms - failing to stop and render assistance after discharge causing injury. He was acquitted of each of these charges at trial.

Fed. R. Evid. 404(b) prohibits a party from introducing evidence of a "crime, wrong, or other act" in order to prove a person's bad character or propensity to commit criminal acts. However, such evidence may be admitted to prove, *inter alia*, knowledge, intent, absence of mistake, or lack of accident. *Id.* When determining the admissibility of other acts evidence, a court must consider whether (1) there exists sufficient proof that the other act was actually committed; (2) the evidence is probative of a material issue other than character; and (3) the probative value of the evidence is substantially outweighed by its undue prejudice. *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

Manni does not contest that there is sufficient evidence to prove that both acts occurred. The prior conviction and admission satisfy the first *Jenkins* factor.

In order to satisfy the second factor, the Government must establish that "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it was offered." *United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)). The Government seeks to introduce the evidence for the admissible purposes of proving absence of mistake, lack of accident, knowledge, and intent. Fed. R. Civ. P. 404(b)(2).

Three of these purposes, however, are not at issue in this case. Manni has indicated that he will not raise a defense of mistake or accident, and therefore the Government may not introduce the proposed evidence to prove absence of mistake or lack of accident. *See United States v. Newsom*, 452 F.3d 593, 606 (6th Cir. 2006). Although the Government must prove that Manni "knowingly" possessed the firearm and ammunition,[1] "prior bad acts are not admissible to prove [the Defendant's] knowledge unless [the Defendant] places his mental state at issue or his knowledge of the firearm is not inferable from proof of possession itself." *United States v. Jobson*, 102 F.3d 214, 221 (6th Cir. 1996); *see also United States v. Randolph*, 205 F.3d 1342 (6th Cir. 2000). Here, Manni contends that his knowledge of the existence of the firearms may be inferred from the fact that he showed the agents where the safe was and opened it for them, and he submits that he will not raise lack of knowledge as a defense. Moreover, it appears that Manni admitted that the ammunition found in his home was his. Unless Manni defends against the charges by arguing that he did not know that the weapons were in the safe, knowledge will not be at issue.

Manni's intent, however, will be a material issue. Although felon in possession is not a specific intent crime, the Government bases its case upon a theory of constructive possession, which requires proof that Manni intended to exercise dominion and control over the weapons. *See Newsom*, 452 F.3d at 606 (intent is material where Government is required to prove constructive possession). Moreover, evidence that Manni possessed a firearm at a previous time is relevant to his intent with regard to the charge of felon in possession of a firearm. *United States v. Davis*, 415 F. App'x 709,

---

[1] The elements of the offense of being a felon in possession of a firearm are as follows: (1) the defendant had a previous felony conviction, (2) the defendant knowingly possessed the firearm specified in the indictment, and (3) the firearm traveled in or affected interstate commerce. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007).

713 (6th Cir. 2011).

The third *Jenkins* factor requires a determination of whether the probative value of the proposed other acts evidence is substantially outweighed by its undue prejudice. As part of this balancing, a court should weigh the availability of other evidence to prove the issue of intent. *United States v. Hardy*, 643 F.3d 143, 153 (6th Cir. 2011); *see also United States v. Jenkins*, 593 F.3d 480, 485-86 (6th Cir. 2010); *United States v. Stout*, 509 F.3d 796, 800 (6th Cir. 2007); *United States v. Meriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996).

The 2001 conviction for attempted felon in possession occurred over ten years prior to the charged conduct, rendering its probative value minimal. On the other hand, the risk that the evidence would be used by the jury for its prohibited character and propensity purposes is great. *See United States v. Jenkins*, 593 F.3d 480, 486 (6th Cir. 2010) ("When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact." (quoting *United States v. Johnson*, 27 F.3d 1186, 1193 (1994)). This conviction will be inadmissible at trial.

The balance of probity and prejudice related to Manni's admission that he owned and registered a gun as a felon in 2007 is a closer case. It is clear that the 2007 admission is probative on the issue of intent. There are sufficient factual similarities in that both instances involve the presence of weapons in the King Cole store in locations to which Manni had access. On the other hand, Manni maintains that the jury determined in 2007 that his possession of a firearm was lawful. Thus, according to Manni, the prior act does not demonstrate an intent to unlawfully own a weapon, which is the charge he currently faces. Moreover, the 2007 act was four years prior to the charged offense, which, while more recent than the 2001 conviction, is sufficiently distant to give the Court

4

pause. There is also a high likelihood that rather than limit the use of the evidence to the purpose of intent, the jury will be tempted to impermissibly assume that because Manni possessed a gun in the store in 2007, he must be guilty of the 2011 charge.

Regarding the availability of other evidence, the Court has not been informed of the extent of the evidence available to the Government to prove the issue of intent. Although the Government did note that in order to prove constructive possession it bears a very high burden, particularly with regard to Manni's intent, it did not indicate whether the other acts evidence is the only proof of Manni's intent. Thus, the Court is unable to determine whether this factor weighs in the favor of admission. After careful consideration, the Court concludes that while the 2007 admission is probative of Manni's intent to possess a firearm, the prejudice substantially outweighs the probative value.

For the reasons that have been set forth above, the Court denies the Government's motion in limine for admission of "other acts" evidence (ECF No. 14).

IT IS SO ORDERED.

Date: June 30, 2013                                s/Julian Abele Cook, Jr.
                                                   JULIAN ABELE COOK, JR.
                                                   U.S. District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 30, 2013.

                                                   s/ Kay Doaks
                                                   Case Manager